**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CONTINENTAL CASUALTY COMPANY, CHICAGO INSURANCE COMPANY, AND NAUTILUS INSURANCE COMPANY, | ) ) ) | |
| Plaintiffs, | ) ) | No. 11-CV-00459 |
| v. | ) ) | Judge Blanche Manning |
| TODD A. DUCKSON, | ) ) | Magistrate Judge Morton Denlow |
| Defendant. | ) ) | |
| and | ) ) | |
| TODD A. DUCKSON, | ) ) | |
| Counter-Plaintiff, | ) ) | |
| v. | ) ) | |
| CONTINENTAL CASUALTY COMPANY, CHICAGO INSURANCE COMPANY, AND NAUTILUS INSURANCE COMPANY, | ) ) ) | |
| Counter-Defendants. | ) | |

**MEMORANDUM AND ORDER**

Todd Duckson is a former partner at the Minneapolis office of the law firm of Hinshaw & Culbertson, LLP. Last September, the Securities and Exchange Commission sued Duckson alleging that he engaged in fraud while representing a private investment firm, Capital Solutions Monthly Income Fund. Duckson submitted a claim for coverage to Hinshaw's malpractice insurer, Continental Casualty Company, known as CNA. CNA denied coverage, and filed this suit for a declaratory judgment that it owed Duckson no duty to defend or indemnify him. Duckson, in turn, filed a counterclaim seeking (1) a declaratory judgment that CNA owes him a duty to defend and indemnify him, and (2) damages for breach of the insurance contract.

The plaintiffs have moved to strike Duckson's answer for being improperly formatted, and to dismiss his counterclaim. For the reasons stated below, the plaintiffs' motion to strike the answer is granted, but their motion to dismiss the counterclaim is denied.

**BACKGROUND**

The following facts are taken from Duckson's answer and counterclaim, and are accepted as true for purposes of CNA's motion to dismiss. *See Avery Dennison Corp. v. Continental Datalabel, Inc.*, No. 10 CV 2744, 2010 WL 4932666, at *1 (N.D. Ill. Nov. 30, 2010). Duckson was a partner at Hinshaw & Culbertson from 2003 through 2008. In September 2010, the SEC sued Duckson for securities fraud based upon work he allegedly performed for the Capital Solutions Monthly Income Fund both during and after his time at Hinshaw & Culbertson. Duckson filed a claim for coverage with CNA through Hinshaw & Culbertson's malpractice insurance policy. CNA initially reserved its rights regarding coverage, but on December 9, 2010, CNA informed Duckson that no coverage existed and that it would not defend him.

CNA then filed a complaint with this court seeking a declaratory judgment that it owed Duckson no duty to defend or indemnify him in the SEC litigation. Duckson filed an answer, but his numbered paragraphs did not correspond to the paragraphs of the complaint to which they were directed, in violation of Local Rule 10.1. In his answer, Duckson also alleged a multi-count counterclaim. In counts I and III of the counterclaim, he seeks declaratory judgments that he was entitled to coverage (count I) and indemnification (count III) under Hinshaw & Culbertson's malpratice policy. In count II, he seeks damages based upon CNA's alleged breach of the malpractice policy by denying him coverage and indemnification.

Before this court is CNA's motion to strike Duckson's answer and dismiss his counterclaim. CNA advances several arguments for striking the answer and dismissing the individual counts of the counterclaim. The court addresses each argument in turn.

## ANALYSIS

### I. Deficiencies in Defendant's Answer

Plaintiffs contend that those portions of Duckson's answer that respond to the allegations of the complaint should be stricken (presumably under Federal Rule of Civil Procedure 12(f)) because Duckson's responses violate both Local Rule 10.1 and Federal Rule of Civil Procedure 8(b).

Local Rule 10.1 reads as follows:

> Responsive pleadings shall be made in numbered paragraphs each corresponding to and stating a concise summary of the paragraph to which it is directed.

Local Rule 10.1. The answer does not satisfy that requirement of Rule 10.1 because single paragraphs of the answer refer to multiple paragraphs of the complaint. In addition, the paragraphs of the answer fail to concisely summarize the allegations to which they are responding, requiring the court to "lay two pleadings side by side, and to shift constantly from one to the other, to see just what has and has not been placed in issue," the very burden the local rule seeks to avoid. *Liners Direct, Inc. v. Luxury Bath Liners, Inc.*, No. 04 CV 108, 2004 WL 442605, at *1 (N.D. Ill. Feb. 25, 2004).

The answer also violates the requirements of Federal Rule of Civil Procedure 8(b). Rule 8(b) sets out the responses a defendant is permitted to make to a pleading: admissions, denials, or statements that the party lacks information sufficient to form a belief about the truth of an

allegation. The Rule does not permit responses such as "the document speaks for itself" and, therefore, Duckson's similarly-worded responses are impermissible. *See Ramos v. Playtex Prods., Inc.*, Nos. 08 CV 2703, 08 CV 2828, & 08 CV 3352, 2008 WL 4066250, at *5 (N.D. Ill. Aug. 27, 2008) ("'This Court has been attempting to listen to such written materials for years (in the forlorn hope that one will indeed give voice)—but until some such writing does break its silence, this Court will continue to require pleaders to employ one of the three alternatives that are permitted by Rule 8(b) in response to all allegations about the contents of documents'") (quoting *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 279 (N.D. Ill. 2001)).

In response to the motion to strike the answer, Duckson has offered to replead. Accordingly, the motion to strike is granted and the court grants Duckson leave to file an amended answer that conforms to the numbering and other requirements of Local Rule 10.1.

## II. Defendant's Counterclaim

The plaintiffs also seek to dismiss Duckson's counterclaim, contending that (1) Duckson's requests for a declaratory judgment in counts I and III are duplicative of the plaintiffs' claim for a declaratory judgment in their complaint, and (2) Duckson has failed to identify the specific provisions of the insurance policy he contends CNA breached and, therefore, has failed to plead sufficient facts in support of his claim for breach of contract.

### 1. Duplicity (Counts I & III)

The plaintiffs contend that counts I and III of Duckson's counterclaim, in which he seeks a declaratory judgment that CNA owes him coverage and indemnification, are the mirror image of their own claim for a declaratory judgment that Duckson is not covered under the policy. They argue that because the counterclaim seeks equal (but opposite) relief, it should be
Page 4

dismissed. However, courts routinely permit "an alleged insured to file counterclaims demanding a declaration that the insurer was obligated to make payments to or to defend the insured; these cases frequently assert breach of contract counterclaims based on the insurance policy, as well." *Employer Ins. of Wausau v. Pacer Intl., Inc.*, No. 04 C 4563, 2005 WL 61481, at *2 (N.D. Ill. Jan. 11, 2005). Such is the case here. Although some courts have looked to whether the plaintiff would suffer prejudice as a result of an allegedly duplicative counterclaim, *see, e.g., VW Credit, Inc. v. Friedman & Wexler, LLC*, No. 09 C 2832, 2010 WL 2330364, at *2 (N.D. Ill. June 7, 2010), the plaintiffs have not identified any prejudice they would suffer.

Accordingly, the motion to dismiss counts I and III of the counterclaim is denied.

### 2. Failure to State a Claim (Count II)

Pursuant to Rule 12(b)(6), CNA also seeks to dismiss Count II of Duckson's counterclaim for failure to state a breach of contract claim and to sufficiently allege damages. *See* Fed. R. Civ. P. 12(b)(6). On a motion to dismiss under Rule 12(b)(6), the court accepts the allegations in the complaint or counterclaim as true, viewing all facts, as well as any inferences reasonably drawn therefrom, in the light most favorable to the plaintiff. *See Avery*, 2010 WL 4932666, at *1. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic*, 127 S. Ct. at 1964-65 (2007) (citations omitted).

The Seventh Circuit has interpreted *Bell Atlantic* as follows:

Rule 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To state such a claim, the complaint need only contain a

> "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted that language to impose two easy-to-clear hurdles. First, the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the …claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 344 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)) (alteration in *Bell Atlantic*). Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level"; if they do not, the plaintiff pleads itself out of court. *Bell Atlantic*, 127 S. Ct. at 1965, 1973 n. 14.

*E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). *See also Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618-19 (7th Cir. 2007) (observing that under *Bell Atlantic* a complaint must now contain "enough facts to state a claim for relief that is plausible on its face."). With the proper standard in mind, the court turns to the plaintiffs' argument for dismissal.

The plaintiffs claim that they are entitled to dismissal under Rule 12(b)(6) because Duckson's allegations are conclusory and fail to identify the specific provisions of the policy that he alleges entitle him to coverage. However, under the notice pleading requirements of Rule 8(b), a complaint or counterclaim need not include detailed facts and recitations but, rather, merely needs to alert the other party to the nature of the claims asserted and plausibly suggest a grounds for relief. *See Concentra*, 496 F.3d at 776. Here, Duckson alleges that he was "insured under the insurance policy attached as Exhibit A," that "the insurers owe Duckson coverage under the policy for the …SEC Action, " that " the Insurers purported to deny Duckson all coverage under the policy," and that "Duckson has sustained damages as a result of the Insurers' breach." Counterclaim ¶¶ 3, 4, 6, 7, 11, & 12. Those allegations sufficiently provide CNA with fair notice of the nature of Duckson's claims and plausibly suggest that he is entitled to relief.

Because Duckson has not identified any basis for dismissing Count II of Duckson's counterclaim, the motion to dismiss the counterclaim is denied.

## CONCLUSION

For the foregoing reasons, CNA's motion to strike and/or dismiss [18-1] is granted in part and denied in part as follows: the motion to strike those portions of Duckson's answer that respond to the allegations of the complaint is granted, while the motion to dismiss the counterclaim is denied. Duckson shall file his amended answer by July 7, 2011.

ENTER:

DATE: June 9, 2011

*Blanche M. Manning*
Blanche M. Manning
United States District Judge